UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEENAN HURT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-811 (RMC) |
| HARLEY LAPPIN, Director, Federal Bureau of Prisons, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

Keenan Hurt is incarcerated by the Bureau of Prisons ("BOP"). He complains here that BOP has negligently housed him and thereby caused him harm. He names the United States and, sued in their individual capacities, Harley Lappin, Director, BOP, and Joyce K. Conley, former Assistant Director, BOP (collectively the "Government Defendants"). The Government Defendants move to dismiss, which Mr. Hurt opposes. The case must be dismissed due to lack of jurisdiction, as its single count is premature because Mr. Hurt has not exhausted his administrative remedies. If construed as an attempt to bring an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Complaint must be dismissed for failure to state a claim.

**I. FACTS**

Mr. Hurt alleges that he was a cooperating witness who worked undercover for several federal law enforcement agencies prior to his incarceration. After his cover was blown in 2001, Mr. Hurt alleges that he was shot by members of the Grape Street Crip Gang ("Gang"), who

were arrested and prosecuted. He says high-ranking members of the Gang have threatened him and his family and that he needs to be incarcerated in an institution with only government informants or cooperators.

Mr. Hurt alleges that BOP has negligently housed him so that he continues to be assaulted or placed in threatening situations in which he must assault others in order to survive. He contends that when he was first incarcerated at BOP in 2003, he was placed at the United States Penitentiary ("USP") in Allenwood, Pennsylvania, in the same unit with a member of the Gang for one year. This Gang member allegedly read Mr. Hurt's Presentence Investigation Report and learned that Mr. Hurt had cooperated with prosecutors. When the Gang member shared this information with other Gang members at Allenwood, Mr. Hurt was immediately in danger. Hearing that the Gang was planning to stab him, Mr. Hurt threw a cup of hot water at a Gang member. That person then put a combination lock into a sock and beat Mr. Hurt with it repeatedly. Both Mr. Hurt and the Gang member were placed in the Special Housing Unit ("SHU"). Upon his release back into the general prison population and throughout the time he was in Allenwood, Mr. Hurt averaged two fights a week to protect himself, which he never reported because he feared the consequences of giving information to the correctional staff.

Mr. Hurt was transferred to USP Beaumont in 2006, where he requested protective custody but was placed in the general population first. He contends that Gang members asked him for a copy of his Presentence Investigation Report to find out if he had cooperated with prosecutors. Mr. Hurt says that he obtained a knife and reported it to a correctional officer so he could be placed in the SHU. He wanted to be transferred to the SHU in order to protect himself from violence. He believed that it would appear to other inmates that he was placed in SHU for disciplinary reasons.

After Mr. Hurt was transferred from SHU back to the general prison population, a Gang member allegedly stabbed him, but Mr. Hurt did not report it. He obtained another knife and officials sent him back to SHU. Mr. Hurt also reports that his cellmate stabbed him, and he was forced to assault his cellmate because he feared for his life.

Mr. Hurt was transferred to USP Atwater in 2008, where he was assaulted with an iron wrench because he was a government informant. He has filed a civil suit in the Eastern District of California over this incident. He contends that his efforts to utilize the BOP's administrative remedy program have been unsuccessful because the staff have not been cooperative, answered his complaints in a timely manner, and have refused him necessary materials to file requests.

Mr. Hurt filed this case on May 4, 2009. The Complaint asserts a single claim of negligence by BOP but the word "*Bivens*" appears next to the case caption which may be construed as an attempt to seek relief pursuant to *Bivens*, 403 U.S. 388.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears

the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

### B. Motion to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

### III. ANALYSIS

#### A. Federal Tort Claims Act

The United States Attorney's Office for the District of Columbia, acting pursuant to delegated authority, certified pursuant to 28 U.S.C. § 2679(d)(2) that Harley Lappin and Joyce K. Conley were federal employees acting with the scope of their respective offices or employment at the time of the allegations giving rise to the Complaint. Therefore, the United States is substituted for Mr. Lappin and Ms. Conley in their official capacities. *See* 28 U.S.C. § 2679(d)(1). However, under the doctrine of sovereign immunity, the United States government "can only be sued insofar as it has agreed to be sued." *Epps v. U.S. Atty. Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008) (citing *FDIC. v. Meyer*, 510 U.S. 471, 475 (1994)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.; see also Clark v. Library of Congress*, 750 F.2d 89, 102-03 (D.C. Cir. 1984) (sovereign immunity bars suits for money damages against federal officials in their official capacities absent a specific waiver by the Federal Government).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) supplies such a waiver. The FTCA extends a limited waiver of sovereign immunity, by providing a remedy against the

Federal Government for some torts committed by federal employees in the scope of their employment. 28 U.S.C. § 1346(b); *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001). The FTCA bars claimants from bringing suit until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also* 28 U.S.C. § 2675(a) ("[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency."). The exhaustion requirement is jurisdictional. *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987). That is, exhaustion is "a mandatory prerequisite" to a court suit under the FTCA. *Epps*, 575 F. Supp. 2d at 238 (citing *GAF Corp.*, 818 F.2d at 904-05); *see also Simpkins v. D.C.*, 108 F.3d 366, 370-71 (D.C. Cir. 1997).

A plaintiff can treat an FTCA claim as exhausted only if the agency fails to provide a final decision within six months; when the statutory six month period has not elapsed, a court has no jurisdiction over the claims. *Epps*, 575 F. Supp. 2d at 238. In order to exhaust administrative remedies under the FTCA, a plaintiff must have presented the agency with "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum-certain damages claim," and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim. *Id.* at 905.

The FTCA is unavailable to Mr. Hurt because he filed suit less than two months after submitting his FTCA claim to BOP and thereby failed to exhaust his administrative remedies. Mr. Hurt filed his FTCA claim with BOP on March 16, 2009, less than two (2) months before filing this Complaint on May 4, 2009. Even though the six-month period has now expired, the relevant analysis is whether Mr. Hurt had exhausted his administrative remedy at the time he filed his

complaint. *See McNeil*, 508 U.S. at 111.[1]

### B. The Possible *Bivens* Claim

Construing the complaint liberally in favor of Mr. Hurt who is proceeding *pro se*,[2] the Court also considers whether the Complaint states a claim under *Bivens v. Six Unknown Named Agents* individually against Mr. Lappin and Ms. Conley. It does not.

*Bivens* allows a plaintiff to bring suit against a federal official in his individual capacity to assert a claim for damages based on a constitutional violation. Vicarious liability is not available under *Bivens*. "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. In other words, a supervisor cannot be held liable for the actions of a subordinate, even if the subordinate violated a clearly-recognized constitutional right of a plaintiff. Mr. Hurt has failed to allege that either Mr. Lappin or Ms. Conley took any individual actions that might have violated his rights.

Even if Mr. Hurt had alleged individual involvement by Mr. Lappin or Ms. Conley, he has not stated a claim for any constitutional violation. He has not identified any clearly established constitutional right that was violated. A prisoner has no liberty interest in his security classification, *Meyer v. Reno*, 911 F. Supp. 11, 17 (D.D.C. 1996) (citing cases), or in his place of confinement. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). He also has not stated a claim for

---

[1] Further, since exhaustion is required before a court has jurisdiction, this Court is without jurisdiction to to grant Mr. Hurt's recent motion that the case be stayed pending resolution of his BOP claim. *See* Pl.'s Mot. to Stay [Dkt # 21]. Accordingly, the Motion to Stay will be denied.

[2] *See United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004) (court must construe *pro se* pleadings liberally).

"deliberate indifference" in violation of the Eighth Amendment. Deliberate indifference requires "something more than mere negligence." *Wormley v. United States*, 601 F. Supp. 2d 27, 41 (D.D.C. 2009). It requires something more akin to "reckless disregard." *Id*. Mr. Hurt has alleged only negligence against the BOP generally. He has not alleged knowledge by either Mr. Lappin or Ms. Conley of the events constituting his claim, and he has not alleged any recklessness on the part of either individual Defendant. Therefore, to the extent that Mr. Hurt's Complaint could be read to attempt a *Bivens* claim against Mr. Lappin and Ms. Conley, it is subject to dismissal.[3]

### IV. CONCLUSION

The Court lacks jurisdiction over Mr. Hurt's negligence claim because Mr. Hurt has failed to exhaust administrative remedies as required under the FTCA. To the extent he attempts a *Bivens* action against Mr. Lappin and Ms. Conley in their individual capacities, the Complaint fails to state a claim. Accordingly, the motion to dismiss will be granted, and the Complaint will be dismissed without prejudice. A memorializing Order accompanies this Memorandum Opinion.

Date: August 3, 2010                       /s/
                                           ROSEMARY M. COLLYER
                                           United States District Judge

---

[3] The Court notes that Ms. Conley has not been served and the Complaint against her would have to be dismissed for that reason as well. An individual at Ms. Conley's former place of employment received Ms. Conley's summons and copy of the Complaint, but not Ms. Conley herself.